UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHTIANA JADE BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>LUCIDWORKS, et al.<br><br>    Defendants. | No.  2:25-cv-00607-DC-CKD (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

On February 24, 2025, plaintiff Tahtiana Brown filed a motion for a temporary restraining order and a preliminary injunction. (ECF No. 3.) The presiding district judge referred the motion to the undersigned for issuance of these findings and recommendations. (See ECF No. 5.) The motion is appropriate for decision without oral argument under Local Rule 230(g). For the reasons set forth below, the motion should be denied.

**I.    Background**

Plaintiff initiated this action on February 21, 2025, with a complaint naming several defendants and bringing claims arising out of harm allegedly suffered from defendants obtaining plaintiff's medical records without authorization or proper legal basis. (ECF No. 1.) Specifically, plaintiff alleges she is a party to a workers compensation case and filed a motion to quash a subpoena for her medical records in connection with that case. (Id. at 2-3.) According to plaintiff, before the motion to quash was heard, defendants unlawfully obtained her medical records. (Id.)

1   The complaint asserts seven causes of action against multiple defendants as follows: (1) Violation of HIPAA Privacy Act (45 C.F.R. § 164); (2) Violation of the California's Confidentiality of Medical Information Act ("CMIA"), California Constitutional Right to Privacy; (3) Invasion of Privacy; (4) Negligence; (5) Intentional Infliction of Emotional Distress; (6) Due Process Violation; and (7) Extortion, Retaliation, Racketeering. (ECF No. 1 at 3-6.) In the complaint, plaintiff seeks damage and injunctive relief requiring defendants to destroy or return all improperly obtained medical records. (Id. at 6.)

On February 24, 2025, plaintiff filed the motion for a temporary restraining order and preliminary injunction presently before the undersigned. (ECF No. 3.) Plaintiff seeks to enjoin the Workers' Compensation Appeals Board (WCAB) from proceeding with her upcoming trial, which plaintiff alleges is "unlawfully continuing despite the filing of a Notice of Removal to this Court under 28 U.S.C. § 1446(d)." (Id. at 1.)

**II.    Legal Standard**

The purpose of a temporary restraining order under Rule 65(b) of the Federal Rules of Civil Procedure is to preserve the status quo and to prevent irreparable harm "so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 439 (1974). In determining whether to issue a temporary restraining order, a court relies on the same factors that guide the evaluation of a request for preliminary injunctive relief: whether the moving party "is likely to succeed on the merits, ... likely to suffer irreparable harm in the absence of preliminary relief, ... the balance of equities tips in [its] favor, and ... an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); see also Stuhlbarg Int'l. Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating the analysis for temporary restraining orders and preliminary injunctions is "substantially identical").

Courts within this circuit may also consider a request for a temporary restraining order or preliminary injunction using a "sliding scale" test in which "a stronger showing of one element may offset a weaker showing of another." Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). "[W]hen plaintiffs establish that the balance of hardships tips sharply

in their favor, there is a likelihood of irreparable injury, and the injunction is in the public interest, they need only show 'serious questions' on the merits." Where Do We Go Berkeley v. California Dep't of Transp., 32 F.4th 852, 859 (9th Cir. 2022) (citing Alliance for the Wild Rockies, 632 F.3d at 1135).

The Eastern District of California's local rules impose specific requirements on those who request a temporary restraining order. See Local Rule 231. Among other things, these rules require "actual notice to the affected party and/or counsel" except in "the most extraordinary of circumstances." Local Rule 231(a). "Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested …, and the nature of the relief to be requested." Id.

A court may issue a temporary restraining order "without written or oral notice to the adverse party" only if

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1).

When deciding whether to issue a temporary restraining order, the court may rely on declarations, affidavits, and exhibits, among other things. See Johnson v. Couturier, 572 F.3d 1067, 1083 (9th Cir. 2009). This evidence need not conform to the standards that apply at summary judgment or trial. Id; Flynt Distrib. Co. v. Harvey, 734 F.2d 1389, 1394 (9th Cir. 1984).

**III.    Analysis**

As a preliminary matter, plaintiff has not satisfied the requirements of this court's local rule governing applications for temporary restraining orders. First, plaintiff has not filed a brief on all relevant legal issues presented by the motion. Second, plaintiff has not filed an affidavit in support of the existence of an irreparable injury. Third, plaintiff has not filed an "affidavit detailing notice, or efforts to effect notice to the affected parties or counsel or showing good cause why notice should not be given[.]" Fourth, plaintiff has not filed a proposed order. The

motion for a temporary restraining order is therefore procedurally defective. See Local Rule 231. Plaintiff's failure to comply with the requirements of this court's local rules is sufficient justification to deny the requested temporary restraining order. See Tri-Valley CAREs v. U.S. Dep't of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."); Nible v. Macomber, No. 2:24-cv-01259-DJC-CSK-PC, 2024 WL 2133319, at *2 (E.D. Cal. May 13, 2024) (denying temporary restraining order sought by pro se plaintiff as procedurally deficient).

Plaintiff also fails to show the relevant factors support granting preliminary relief. To begin, plaintiff does not establish she is likely to suffer irreparable harm in the absence of this court issuing a temporary restraining order or preliminary injunction. In support of this factor, plaintiff asserts that if the workers compensation trial moves forward, she will suffer irreparable harm by being forced to litigate "the same claims in two different courts simultaneously" and by potentially "suffering prejudicial rulings in state court that could interfere with the federal proceedings." (ECF No. 3 at 2.) These allegations are entirely conclusory and not supported by any evidence. Even assuming solely for purposes of this motion that these circumstances could constitute irreparable harm, the court is unable to assess whether plaintiff would be forced to litigate the same or similar claims in two courts simultaneously because she has not provided the court with the name and number of the other case.

Plaintiff also does not provide the date of the workers compensation trial she seeks to enjoin or stay, which is a further significant omission for any assessment of irreparable harm. Because the date of the trial plaintiff seeks to enjoin is not specified, this court cannot determine whether irreparable harm will occur in the absence of preliminary relief.

Plaintiff asserts she has a likelihood of success on the merits because "the Defendants' insistence on proceeding with the Workers' Compensation trial is in direct violation of federal law." (ECF No. 3 at 2.) And further, "[t]he failure of the Workers' Compensation court to acknowledge [the] removal is a blatant disregard for the federal removal state and a violation of Plaintiff's constitutional rights. (Id.)

////

Plaintiff does not, however, explain why her workers compensation case would be properly removed to this court. To the contrary, section 1445 of the United States Code provides "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Based on the information available to the court, it appears the case plaintiff describes is non-removable, and her argument that she is likely to succeed on the merits of this case because of disregard of her notice of removal must be rejected.

It is, further, not clear from an initial review of plaintiff's complaint that this court has subject matter jurisdiction over this suit. The complaint alleges "federal and state privacy statutes" as a basis for subject matter jurisdiction. (ECF No. 1 at 3.) While HIPAA is a federal statute, it creates no private cause of action. See United States v. Streich, 560 F.3d 926, 935 (9th Cir. 2009) ("HIPAA does not provide any private right of action"). In general, federal courts hear only cases that arise in diversity of citizenship or present a federal question. See U.S. CONST. art. III §§ 1–2; 28 U.S.C. §§ 1331-32. The presumption is against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction." Vacek v. U.S. Postal Serv., 447 F.3d 1248, 1250 (9th Cir. 2006) (citing Kokkonen v. Guardian Life Insurance Co. Of America, 511 U.S. 375, 377 (1994)); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"). Since HIPAA provides no private cause of action, and the complaint pleads no other basis for subject matter jurisdiction, it is unclear what, if any, federal question is presented by plaintiff's complaint.[1]

////

---

[1] The complaint also asserts a claim titled "Due Process Violation." (ECF No. 1 at 5.) The entirety of this claim is as follows: "Motion to Quash was properly filed and pending. Obtaining the records prematurely violated procedural due process rights as plaintiff was denied opportunity to argue against their release." (Id.) As to this alleged conduct, plaintiff's complaint does not clearly allege State action or a close nexus between the State and the challenged action as necessary to state a claim for a violation of her federal due process rights and thereby present a federal question. See Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). "[M]ost rights secured by the Constitution are protected only against infringement by governments." Lugar v. Edmonson Oil Co., 457 U.S. 922, 936 (1982).

Plaintiff fails to establish a likelihood of success on the merits, which is the most important Winter factor, and also relevant to the court's evaluation of the other factors. See Baird v. Bonta, 81 F.4th 1036, 1044 (9th Cir. 2023). Without showing a likelihood of success on the merits, or a likelihood of irreparable harm, plaintiff cannot establish that a temporary restraining order or preliminary injunction is appropriate. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter, 555 U.S. at 20).[2]

### IV. Recommendation

In accordance with the above, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary restraining order and preliminary injunction (ECF No. 3) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the

/////
/////
/////
/////
/////

---

[2] The Anti-Injunction Act prohibits federal courts from "grant[ing] an injunction to stay proceedings in a State court" subject to several exceptions. 28 U.S.C. § 2283. The proceeding plaintiff seeks to enjoin is before the Workers' Compensation Appeals Board (WCAB). At least one district court has held the Anti-Injunction Act bars issuance of a federal injunction enjoining a proceeding before the WCAB because the WCAB is a state court for purposes of the Act. See Morongo Band of Mission Indians v. Stach, 951 F. Supp. 1455, 1468 (C.D. Cal. 1997), order vacated on other grounds and appeal dismissed, 156 F.3d 1344 (9th Cir. 1998). At least one other district court has held that a WCAB proceeding is a state administrative proceeding to which the Anti-Injunction Act does not apply. See Cisco Sys., Inc. v. California Workers' Comp. Appeals Bd., No. C 00-21092 JW, 2001 WL 34780587, at *6 (N.D. Cal. Mar. 20, 2001). Because there are multiple other deficiencies in plaintiff's application for preliminary relief, this court need not determine whether the Anti-Injunction Act also prohibits the requested relief.

objections. Failure to file objections within the specified time may waive the right to appeal the District court's order. <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: February 26, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, brow25cv0607.tro