UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAHTIANA JADE BROWN,<br><br>Plaintiff,<br><br>v.<br><br>LUCIDWORKS, et al.<br><br>Defendants. | No. 2:25-cv-0607-DC-CKD (PS)<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff proceeds without counsel on a fee-paid complaint asserting employment discrimination claims and that the defendants improperly obtained her medical records in connection with a pending worker's compensation case. (ECF No. 1.) Because plaintiff proceeds without counsel, this matter is before the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21).

Plaintiff's motions styled as motions for contempt (ECF Nos. 10, 14), a motion to file electronically (ECF No. 12), a motion for default judgment (ECF No. 36), and a motion for leave to amend the complaint (ECF No. 56) are before the court. In addition, several of the defendants moved to quash service, or, in the alternative, to dismiss the complaint. (ECF Nos. 19, 28.) Other defendants have not appeared ("non-moving defendants").

The parties to the motion to dismiss (ECF No. 19) appeared for a hearing via Zoom on June 11, 2025. Plaintiff Tahtiana Brown appeared pro se. Scott Jang appeared as counsel for

1

defendants Lucidworks, Inc., Kyle Hammett, Natalia Pascuzzi, Julianne Kirby, and Mike Sinoway ("Lucidworks defendants").

Finding plaintiff has not established proper service of the summons and complaint on any defendant, the undersigned will recommend that service be quashed. In addition, the complaint fails to state a claim against any moving defendant or any non-moving defendant. The proposed amended complaint submitted with plaintiff's motion for leave to amend also fails to state a claim. It clearly appears amendment would be futile on most of plaintiff's claims except, potentially, her employment discrimination claims. Thus, the undersigned will recommend (1) the pending motions to dismiss be granted on the ground that the complaint fails to state a claim; (2) service be quashed as to all named defendants; (3) plaintiff's motion for leave to amend be denied to the extent plaintiff seeks to proceed on the proposed amended complaint filed on June 9, 2025; (4) plaintiff be granted leave to file a further amended complaint asserting employment discrimination claims against her employer and supervisor only; and (5) all other claims and defendants be dismissed without leave to amend.

**I.    Background**

Plaintiff initiated this action with a complaint filed on February 21, 2025. (ECF No. 1.) Defendant Lucidworks, Inc., is plaintiff's employer. (Id., ¶ 4.) Under the complaint's allegations, plaintiff is a party to a workers' compensation case and filed a motion to quash a subpoena for her medical records in connection with that case. (Id., ¶ 7.) Before the motion to quash was heard, defendants allegedly obtained her medical records and protected health information unlawfully. (Id., ¶ 8.)

The complaint asserts seven causes of action against multiple defendants as follows: (1) Violation of HIPAA Privacy Act (45 C.F.R. § 164) and Federal Rule of Civil Procedure 26; (2) Violation of the California's Confidentiality of Medical Information Act ("CMIA"), California Constitutional Right to Privacy; (3) Invasion of Privacy; (4) Negligence; (5) Intentional Infliction of Emotional Distress; (6) Procedural Due Process Violation; and (7) Extortion, Retaliation, Racketeering. (ECF No. 1 at 3-6.) Plaintiff seeks damages and injunctive relief.

////

1  On March 28, 2025, the Lucidworks defendants filed their motion under Rule 12 of the Federal Rules of Civil Procedure, asserting deficiencies with service of process and failure to state a claim. (ECF No. 19.) Plaintiff filed a written opposition requesting leave to cure service issues and leave to amend. (ECF No. 24.) The Lucidworks defendants filed a reply. (ECF No. 26.) Plaintiff subsequently filed an additional document purporting to be a further opposition. (ECF No. 44.) Local Rule 230(m) provides that "[a]fter a reply is filed, no additional memoranda, papers, or other materials may be filed without prior Court approval." Local Rule 230(m). The Lucidworks defendants request the court to strike or disregard the sur-reply. (ECF No. 55.) Good cause appearing, the request is granted to the extent the court disregards the unauthorized sur-reply.

On April 25, 2025, defendant California Workers Compensation Appeals Board ("WCAB") filed a motion under Rule 12 of the Federal Rules of Civil Procedure, asserting deficiencies with service of process, lack of subject matter jurisdiction, immunity from suit, and failure to state a claim. (ECF No. 28.) Because plaintiff failed to timely file an opposition to the motion, the court vacated the hearing on WCAB's motion and allowed plaintiff a further opportunity to oppose the motion. (ECF No. 38.) Plaintiff filed a written opposition to the WCAB's motion. (ECF No. 43.) WCAB filed a reply. (ECF No. 54.)

**II.     Improper Service under Rule 4**

   **A.  Legal Standards**

Proper service of the summons and complaint on a defendant is necessary to establish the court's personal jurisdiction over the defendant. See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Without "substantial compliance" with Rule 4, "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction." Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986).

As to individual defendants, service of an individual may be completed under state law, or by one of the following methods: delivering a copy of the summons and the complaint to the individual personally, leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there, or delivering a copy of each to an

agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e). Under California law, for individual defendants, service of process may be made by personal delivery to the individual. Cal. Code Civ. P. § 415.10. In addition, service may be made by mail if sent with two copies of the notice and acknowledgement provided in Cal. Code Civ. P. § 415.30(b) and a return envelope, postage prepaid, addressed to the sender.

As to entity defendants, a corporation, partnership, or association may be served in the manner prescribed by Rule 4(e)(1) for serving an individual, or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant[.]" Fed. R. Civ. P. 4(h)(1).

Under Rule 4(m), of the Federal Rules of Civil Procedure,

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) permit a defendant to challenge the form of summons and the method of service attempted by the plaintiff, respectively. When a defendant properly challenges service, the plaintiff bears the burden of establishing its sufficiency. See Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004). If service of process was insufficient, a district court has discretion to dismiss an action or quash service. See e.g., S.J. v. Issaquah School Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing Stevens v. Security Pac. Nat'l Bank, 538 F.2d 1387, 1389 (9th Cir. 1976).

**B. Discussion**

On February 25, 2205, the Clerk's Office issued summonses to serve the defendants. (ECF No. 8.) In civil new case documents issued on the same day, the court advised plaintiff, in relevant part, that Rule 4(m) of the Federal Rules of Civil Procedure provides a defendant must be

4

1 dismissed if service of the summons and complaint is not accomplished on the defendant within
2 90 days after the complaint was filed. (ECF No. 7.)

3       Plaintiff fails to show that any defendant has been properly served. According to the
4 Lucidworks defendants' evidence, Lucidworks received two envelopes sent by plaintiff on or
5 around March 4, 2025, which appeared to attempt service on Lucidworks as well as current and
6 former Lucidworks employees. (ECF No. 20 at 2.) The copy of the complaint received in the
7 envelope was incomplete, omitting the exhibits, and the envelope did not include notice of
8 acknowledgement forms or a pre-paid posted return envelope. (Id.) Plaintiff responds that she
9 attempted service in good faith and mailed summons and complaint to defendant Lucidworks'
10 headquarters, believing this to be proper. (ECF No. 24 at 3.)

11       Defendant WCAB indicates it has not been served with summons and the complaint.
12 (ECF No. 28 at 11.) Plaintiff responds that she served the WCAB by mailing a copy of the
13 summons and complaint to its publicly listed mailing address. (Id.) Plaintiff also argues service
14 was proper because defendants have actual notice. (Id.)

15       A single return of service was filed in this case on May 30, 2025, indicating the summons
16 and complaint were personally served at 235 Montgomery Street in San Francisco, California, on
17 April 8, 2025. (ECF No. 41.) The return of service does not state with whom these documents
18 were left. This proof of service does not establish proper service on any individual. See Zhongtie
19 Dacheng (Zhuhai) Inv. Mgmt. Co. Ltd v. Yan, No. 8:22-CV-00461-SSS-ADS-X, 2023 WL
20 9007320, at *2 (C.D. Cal. Jan. 24, 2023) (finding proofs of service of summons were defective
21 for several reasons, including that the defendant's "name did not even appear anywhere on the
22 proof of service"). This omission also prevents the court from determining whether any individual
23 accepting service was authorized to accept service on behalf of defendant Lucidworks. See Hupp
24 v. San Diego Cnty. Dist. Atty., No. 12-CV-492-IEG RBB, 2012 WL 2887229, at *5 (S.D. Cal.
25 July 12, 2012) (defendant was not properly served where the return of service merely claimed a
26 person served was authorized to accept service on behalf of another defendant); McCain v.
27 Stockton Police Dep't, No. CIV S–10–3170 JAM CKD, 2011 WL 4710696, at *8-9 (E.D. Cal.
28 Oct. 4, 2011) (finding proof of service insufficient even though the process server submitted a

declaration stating the receptionist told him she could accept service on behalf of the defendant), subsequently aff'd, 695 F. App'x 314 (9th Cir. 2017). Plaintiff has not met her burden to demonstrate proper service because the single return of service does not indicate any of the methods discussed above were completed as to any defendant.

Plaintiff has not shown good cause for the failure to serve, but the court affords latitude to pro se litigants to correct defects in service of process and pleadings. The undersigned will recommend that service be quashed, summonses be re-issued upon the filing of any amended complaint plaintiff files pursuant to an order of the assigned district judge, and that time for Rule 4 service of the amended complaint be extended to 30 days thereafter.

### III. Defendants' Motions to Dismiss for Failure to State a Claim

#### A. Legal Standards

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be warranted for "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Even as to the non-appearing defendants, this court may dismiss claims without merit on the court's own motion under Fed. R. Civ. P. 12(b)(6). See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6).").

In evaluating whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). Nevertheless, the court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Leave to amend should be freely granted when justice so requires. Fed. R. Civ. P. 15(a). However, "[v]alid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

### B. Discussion

#### 1. Claim One: Violation of HIPAA and Rule 26

HIPAA does not create a private right of action. Webb v. Smart Document Solutions, LLC, 499 F.3d 1078, 1081 (9th Cir. 2007) ("HIPAA itself provides no private right of action"). Rule 26 of the Federal Rules of Civil Procedure is a discovery rule which also does not provide any cause of action. These deficiencies cannot be fixed by amendment. This cause of action should be dismissed without leave to amend as to any defendant.

#### 2. Claim Two: CMIA

California's Confidentiality of Medical Information Act ("CMIA") prohibits the disclosure of medical information under some circumstances and authorizes it in other circumstances. See Cal. Civ. Code § 56, et seq. Plaintiff alleges the defendants lacked the authorization required by "California Civil Code § 56.10 et seq." (ECF No. 1, ¶ 15.) Under that section, "[a] provider of health care, health care service plan, or contractor shall not disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization" except under specified circumstances. Cal. Civ. Code § 56.10(a). The complaint does not specifically allege any of the defendants are providers of health care, health care service plans, or contractors within the meaning of the CMIA. The individual moving defendants Hemmett, Pascuzzi, Kirby, and Sinoway, and moving defendant WCAB persuasively argue plaintiff cannot plausibly allege such facts as to them.

////

Even if the complaint alleged a defendant was a provider of health care, a health care service plan, or a contractor within the meaning of the CMIA, disclosure of medical information by such a defendant would be permissible under the CMIA if "relevant in a lawsuit… or other claim or challenge… in which the patient has placed in issue the patient's medical history, mental or physical condition, or treatment[,]" such as a workers' compensation case. See Cal. Civ. Code § 56.10(c)(8)(a). Similarly, as to defendant Lucidworks, Inc., the CMIA allows an employer to disclose medical information under various circumstances including when "relevant in a lawsuit… or other claim or challenge to which the employer and employee are parties and in which the patient has placed in issue… her medical history, mental or physical condition, or treatment[.]" Cal. Civ. Code § 56.20(c)(2).

The allegations in the complaint that plaintiff's medical records and private health information were obtained and used in connection with her workers' compensation case falls squarely within the plain exception to the general prohibitions in the CMIA that exists for pending litigation. The defects in this cause of action cannot be fixed by amendment. This cause of action should be dismissed without leave to amend as to any defendant.

### 3. Claim Three: Invasion of Privacy

In order to state a claim for invasion of privacy under the California Constitution's right to privacy, plaintiff must allege facts to establish the following three elements: "(1) a legally protected privacy interest; (2) a reasonable expectation of privacy in the circumstances; and (3) conduct by defendant constituting a serious invasion of privacy." Hill v. Nat'l Collegiate Athletic Assn., 7 Cal. 4th 1, 39-40 (1994). As discussed, plaintiff alleges the defendants invaded her privacy by obtaining her medical records via subpoena in connection with her pending workers' compensation case. Plaintiff has not, however, alleged facts explaining why the subpoena was unlawful or improper. In the proposed amended complaint submitted with plaintiff's motion for leave to amend, plaintiff alleges the defendants' actions were unauthorized because they ignored her pending motion to quash and proceeded before a judicial ruling. However, the proposed amended complaint fails to plausibly allege the motion to quash had a valid factual and legal basis. Instead, plaintiff alleges she was a party to a workers' compensation case, and thus that she

had placed in issue in pending litigation her medical history, mental or physical condition, or treatment.

Thus, plaintiff has not plausibly alleged in either the original complaint or the proposed amended complaint that a reasonable expectation of privacy was violated or that any defendant took conduct constituting a serious invasion of privacy. Plaintiff also has not alleged any facts showing what involvement any of the individual defendants or WCAB had with respect to the alleged invasion of privacy. The conclusory allegation that the defendants were "unauthorized" in their actions is unsupported by specific facts, and not accepted as true for purposes of this motion. See Sprewell, 266 F.3d at 988; Twombly, 550 U.S. at 555 (using labels, conclusions, and/or reciting the elements of a cause of action will not suffice to state a claim). For all these reasons, plaintiff fails to state a claim for invasion of privacy. Moreover, it clearly appears these deficiencies cannot be fixed by amendment. This cause of action should be dismissed without leave to amend as to any defendant.

### 4. Claim Four: Negligence

The elements of a cause of action are "(a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." Evan F. v. Hughson United Methodist Church, 8 Cal. App. 4th 828, 834 (1992). Plaintiff's complaint alleges in conclusory fashion that she suffered harm because the defendants breached their duty to act lawfully by obtaining her medical records unlawfully. In the proposed amended complaint, plaintiff alleges the defendants breached their duty to safeguard her medical records under applicable laws, "common law duties of care, and internal claims handling policies." (ECF No. 57 at 6.) These vague allegations do not support the existence of a duty for a negligence claim.

As discussed above, plaintiff fails to plausibly allege her employer, defendant Lucidworks, was unauthorized to obtain her medical records in connection with her workers' compensation case. See Cal. Civ. Code § 56.20(c)(2). In addition, neither the complaint nor the proposed amended complaint alleges what role any of the individual named defendants or WCAB played in obtaining or using the records unlawfully. Plaintiff fails to state a plausible negligence claim against any defendant based on allegedly improperly obtaining her medical records in

connection with her workers' compensation case. It clearly appears the defects in this cause of action cannot be fixed, and this cause of action should be dismissed without leave to amend as to any defendant.

### 5. Claim Five: Intentional Infliction of Emotional Distress

The elements of the tort of intentional infliction of emotional distress are the following: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct[.]" Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 1001 (1993). A defendant's conduct is "outrageous" when it is so "extreme as to exceed all bounds of that usually tolerated in a civilized community." Id.

Plaintiff's claim for intentional infliction of emotional distress in the original complaint is entirely conclusory and lacking specific factual allegations. Naked and conclusory allegations fail to meet the "high bar" to establish a claim for intentional infliction of emotional distress. Wong v. Jing, 189 Cal. App. 4th 1354, 1376 (2010); see Twombly, 550 U.S. at 555.

In the proposed amended complaint, plaintiff alleges the following: (1) defendants willfully accessed and used her private medical records without valid legal authorization and before a court ruling on plaintiff's pending motion to quash the subpoena; (2) plaintiff was ambushed with a list of performance-based accusations by Natalia Pascuzzi, Kyle Hammett and HR, after raising discrimination concerns and requesting accommodations; (3) WCAB and Laura Marchan "deliberately ignored jurisdictional boundaries and proceeded to schedule hearings," (4) Marchan "mistakenly sent confidential correspondence between herself and Dan Moon strategizing on how to use [plaintiff's] work injury to deny [her] Workers Compensation claim instead of investigating its validity; and (5) Preferred and Berkeley mishandled private PHI by sending plaintiff another person's confidential medical file. (ECF No. 57 at 8.)

The allegations in the proposed amended complaint fail to describe the type of extreme and outrageous intentional conduct that constitutes intentional infliction of emotional distress. See Potter, 6 Cal. 4th at 1001. It clearly appears the defects in this cause of action cannot be fixed, and

this cause of action should be dismissed without leave to amend as to any defendant.

### 6. Claim Six: Procedural Due Process

Private conduct usually does not violate the Due Process Clause of the United States Constitution. See Lugar v. Edmonson Oil Co., 457 U.S. 922, 930 (1982) ("the Due Process Clause protects individuals only from governmental and not from private action"). Conduct by private individuals or entities alleged to violate due process is only actionable if there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself. See Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288, 295 (2001). Courts start with the presumption that private conduct does not constitute governmental action, and a plaintiff bears the burden of establishing state action. See Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011); Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) (conclusory allegations are insufficient to establish state action).

Plaintiff's complaint fails to allege any defendant engaged in conduct by or for a state government. In the proposed amended complaint, plaintiff alleges "the WCAB, Laura Marchan, and the California Department of Industrial Relations are state entities or employees acting under the color of state law[.] (ECF No. 57 at 10.) Accepting this allegation as true, the proposed amended complaint still fails to state a due process claim. Plaintiff alleges the aforementioned state actors "were notified that the case had been lawfully removed to federal court [but] they continued to exercise authority…." (Id.) However, plaintiff's workers' compensation case was not removable. See 28 U.S.C. § 1445(c) ("[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States").

The proposed amended complaint also clarifies the due process claim is based on Dan Moon and Preferred Employers Insurance accessing and reviewing plaintiff's confidential medical records in response to a subpoena issued by a third-party investigator which was allegedly legally deficient. These defendants are not alleged to be state actors. To the contrary, the insurance company is a private entity and the only reasonable inference from plaintiff's

11

allegations is that Dan Moon is an employee of the insurance company. As such, it clearly appears plaintiff is unable to state a claim for a violation of procedural due process. This cause of action should be dismissed without leave to amend as to any defendant.

### 7. Claim Seven: Extortion, Retaliation, and Racketeering

As to this cause of action, the complaint alleges "[d]efendants tried to force plaintiff to sign a promissory note while on FMLA for an unspecified amount. (ECF No. 1 at 5.)

#### a. Extortion

"Extortion is a federal criminal offense, and there is no private right of action for extortion." Samzelius v. Bank of Am., No. C -12-03295 EDL, 2012 WL 12949683, at *9 (N.D. Cal. Oct. 9, 2012); see 18 U.S.C.A. § 1951(b)(2). Extortion is also a criminal offense under California law, see Cal. Pen. Code § 518, which similarly provides no private right of action, see Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) ("sections of the California Penal Code ... do not create enforceable individual rights"). Plaintiff cannot state a cause of action for extortion.

#### b. Racketeering

A civil RICO claim requires allegations that establish the following: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts") (5) causing injury to the plaintiff's 'business or property.'" Grimmett v. Brown, 75 F.3d 506, 510 (9th Cir. 1996) (citing 18 U.S.C. §§ 1964(c), 1962(c)). Plaintiff's claim alleging "racketeering" states defendant "tried to force plaintiff to sign a promissory note while on FMLA for an unspecified amount." (ECF No. 1 at 5.)

In the proposed amended complaint, plaintiff clarifies this claim is additionally based on "the use of a defective subpoena to unlawfully access Plaintiff's medical records" and "mutually reinforcing decisions by Mutual of Omaha to deny Plaintiff's short-term disability benefits, with reasons suspiciously tailored after Plaintiff's injury was reclassified as 'work-related,' suggesting targeted manipulation of claims criteria." (ECF No. 57 at 13.) None of the allegations plausibly suggest racketeering conduct, an enterprise, a pattern of racketeering activity, or injury to plaintiff's business or property. It clearly appears plaintiff is unable to state a civil RICO claim

and this cause of action should be dismissed without leave to amend as to any defendant.

### c. Retaliation \ Discrimination

Plaintiff's complaint alleges that after she filed her workers' compensation claim, she was retaliated against and subjected to unfair treatment in violation of Title VII of the Civil Rights Act (42 U.S.C. § 2000e et seq.) and California's Fair Employment and Housing Act ("FEHA") (Government Code § 12940 et seq.) (ECF No. 1 at 10.) The proposed amended complaint clarifies that plaintiff intends to bring these claims against defendants Lucidworks, Inc., Natalia Pascuzzi, Kyle Hammett, Michael Sinoway, Julianne Kirby, and TILT. (ECF No. 57 at 11.)

Section 703(a) of Title VII of the Civil Rights Act of 1964 provides it is unlawful for any employer "to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]" 42 U.S.C. § 2000e–2(a)(1); see also Ricci v. DeStefano, 557 U.S. 557, 577 (2009). California's FEHA similarly prohibits discrimination by an employer because of race and other protected statuses. See Cal. Gov't Code § 12940.

A prima facie case of discrimination requires the following: "(1) that the plaintiff belongs to a class of persons protected by Title VII…; (2) that the plaintiff performed ... her job satisfactorily; (3) that the plaintiff suffered an adverse employment action; and (4) that the plaintiff's employer treated the plaintiff differently than a similarly situated employee who does not belong to the same protected class as the plaintiff." Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006). To state a claim for retaliation under Title VII, a plaintiff must generally allege (1) she engaged in a protected activity, (2) her employer subjected her to a materially adverse employment action, and (3) a causal link exists between the protected activity and the adverse action. Westendorf v. W. Coast Contractors of Nev., Inc., 712 F.3d 417, 422 (9th Cir. 2013).

Plaintiff's complaint does not allege any specific facts showing an adverse employment action, difference in treatment, or a causal connection between the alleged adverse employment action and plaintiff's filing of a workers' compensation claim or her race. The proposed amended complaint clarifies plaintiff seeks to proceed on her retaliation and discrimination claims against

Lucidworks, Natalia Pascuzzi, Kyle Hammett, and TILT. (ECF No. 57 at 11.) Therein, plaintiff alleges she suffered discrimination and harassment at Lucidworks by her supervisor, Natalia Pascuzzi, who engaged in racially targeted harassment, including "exclusion, denial of resources, and engineering a hostile work environment." (Id. at 12.) In addition, after plaintiff filed her workers' compensation claim and voiced concerns about the discrimination and harassment, Kyle Hammett and Michael Sinoway failed to intervene and participated in the retaliation. (Id.) Julianne Kirby, acting on behalf of TILT, attempted to intimidate plaintiff while she was on FMLA by presenting her with a promissory note, which defendants tried to pressure plaintiff to sign under duress. (Id.) Plaintiff's complaints were ignored, her advancement opportunities were withheld, and she was subjected to increased scrutiny and work assignments without support. (Id.) The allegations fail to state a claim.

First, the allegations fail to establish that most of the defendants plaintiff seeks to sue for discrimination or retaliation can be held liable. As set forth above, Section 703(a) of Title VII of the Civil Rights Act and California's FEHA prohibit discrimination and retaliation by an employer. "Title VII does not provide a cause of action for damages against supervisors or fellow employees." Holly D. v. Cal. Ins. of Tech., 339 F.3d 1158, 1179 (9th Cir. 2003). The proper defendant for a FEHA discrimination claim under section 12940(a) is the employer and not any individuals. See Cal. Gov't Code § 12940(a), Reno v. Baird, 18 Cal. 4th 640, 663 (1998). The same is true for a FEHA retaliation claim. See Jones v. Lodge at Torrey Pines P'ship, 42 Cal. 4th 1158, 1173 (2008). However, a non-employer supervising individual may potentially be liable for harassment under the FEHA. See Cal. Gov't Code § 12940(j); Reno, 18 Cal. 4th at 645. Thus, the proper defendants are Lucidworks and, potentially, Pascuzzi, plaintiff's supervisor.

Second, plaintiff's allegations remain conclusory. Merely alleging that a work environment was hostile or that plaintiff was retaliated against following her protected activity does not suffice to state a claim. Twombly, 550 U.S. at 555 (using labels, conclusions, and/or reciting the elements of a cause of action will not suffice to state a claim). Plaintiff also alleges "exclusion, denial of resources," and that "complaints were ignored, her advancement opportunities were withheld, and she was subjected to increased scrutiny and work assignments

without support." These allegations remain conclusory. Specific factual details are necessary to state a plausible claim.

Third, both Title VII and the FEHA require exhaustion of administrative remedies prior to maintaining a civil action for damages. See Sommatino v. United States, 255 F.3d 704, 707 (9th Cir. 2001) ("[T]o bring a Title VII claim in district court, a plaintiff must first exhaust her administrative remedies."); Lewis v. City of Chicago, Ill., 560 U.S. 205, 210 (2010) ("The timely filing of an administrative complaint and exhaustion of that remedy with DFEH is a prerequisite to maintenance of a civil action for damages under FEHA"). Plaintiff does not allege she filed a timely administrative complaint before bringing this suit.

Accordingly, the motions to dismiss should be granted as to plaintiff's employment discrimination claims. Unlike as to the other claims, the court cannot presently conclude there are no facts plaintiff could allege to state a plausible claim and allege exhaustion of administrative remedies. Thus, the undersigned will recommend plaintiff be granted leave to amend her employment discrimination claims against her employer and supervisor only.

### IV. Plaintiff's Pending Motions (ECF Nos. 10, 12, 14, 36)

#### A. Motions for Contempt

In two motions styled as motions for contempt, plaintiff states she removed her workers' compensation case to this court on February 21, 2025, and thus that the state tribunal should halt its proceedings. (ECF Nos. 10, 14.) As set forth above, plaintiff's workers' compensation case is not removable. See 28 U.S.C. § 1445(c) ("[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States"). These motions are without any basis for the court to grant any relief.

#### B. Motion to File Electronically

Plaintiff requests to participate in electronic case filing. (ECF No. 12.) "[A]ny person appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge." See E.D. Cal. L.R. 133(b)(2). At the present time, plaintiff does not provide good cause for deviance from the general procedure for pro se litigants. Plaintiff's request will be denied without prejudice to renewal at a later stage of the case.

If plaintiff would like to receive immediate email notifications when documents are filed in this case, instead of receiving service by mail, plaintiff may file such a request. In any such request, plaintiff should state she consents to receive service of documents electronically and waives the right to receive service by first class mail.

### C. Motion for Default Judgment

On May 9, 2025, plaintiff filed a motion for default judgment, citing Rule 55(b)(2) of the Federal Rules of Civil Procedure. (ECF No. 36.) Obtaining a default judgment under Rule 55 requires a two-step process. The first step, entry of default, is a ministerial matter performed by the Clerk's Office, and is a prerequisite to a later default judgment. See 10 Moore's Federal Practice – Civil § 55.10[1] (2022); Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986) (noting that rule 55 requires a two-step process). Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead of otherwise defend ... the clerk must enter the party's default." Fed. R. Civ. P. 55(a). After default is properly entered, a party seeking relief other than a sum certain must apply to the court for a default judgment. See Fed. R. Civ. P. 55(b). Default judgment under Rule 55(b) is a discretionary action taken by the court and guided by the factors set forth by the Ninth Circuit in Eitel. See 782 F.2d at 1471.

The single return of service discussed above fails to establish proper service as to any non-appearing defendant. In addition, plaintiff has not satisfied the first step of Rule 55 by obtaining the Clerk of Court's entry of default. Plaintiff's motion for default judgment should be denied.

### V. Conclusion, Order and Recommendation

Plaintiff has not properly served the defendants with the summons and complaint, which fails to state a claim against any moving or non-moving defendant. For the reasons set forth above, it clearly appears granting leave to amend would be futile except, potentially, as to the employment discrimination claims against plaintiff's employer and supervisor.

In accordance with the above, IT IS ORDERED as follows:

1. The Lucidworks defendants' motion to strike (ECF No. 55) is GRANTED to the extent that the court disregards plaintiff's unauthorized sur-reply.

2. Plaintiff's motion to file electronically (ECF No. 12) is DENIED without prejudice.

3. In light of the recommendations below, plaintiff's motion requesting leave to cure service (ECF No. 24) is DENIED as moot.

In addition, IT IS RECOMMENDED as follows:

1. Plaintiff's motion for default judgment (ECF No. 36) be denied.
2. Plaintiff's motions for contempt (ECF Nos. 10, 14) be denied.
3. Plaintiff's motion for leave to amend (ECF No. 56) be denied to the extent plaintiff seeks to proceed on the proposed amended complaint filed on June 9, 2025.
4. The Lucidworks defendants' motion to dismiss (ECF No. 19) be granted on the ground that the complaint fails to state a claim and plaintiff be granted leave to amend only the employment discrimination claims against defendant Lucidworks and any FEHA harassment claim against defendant Pascuzzi.
5. Defendant WCAB's motion to dismiss (ECF No. 28) be granted on the ground that the complaint fails to state a claim and WCAB be dismissed from this case.
6. Sua sponte, the court also dismiss without leave to amend for failure to state a claim plaintiff's claims against the non-moving defendants for Violation of HIPAA and Federal Rule of Civil Procedure 26; State-Law Violation of Privacy; Invasion of Privacy; Negligence; Intentional Infliction of Emotional Distress; Violation of Procedural Due Process; Extortion; and Racketeering.
7. Plaintiff be granted leave to file her amended complaint with the employment discrimination claims identified above within 30 days of any order by the assigned district judge adopting these findings and recommendations.
8. Service of the summonses and complaint be quashed and the Clerk of the Court be directed to re-issue summonses only after the filing of any amended complaint plaintiff files pursuant to an order of the assigned district judge.
9. Time for service of any further amended complaint under Rule 4 of the Federal Rules of Civil Procedure be extended to 30 days after plaintiff's filing of that amended complaint pursuant to an order of the assigned district judge.

These findings and recommendations are submitted to the United States District Judge

1  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14)

2  days after being served with these findings and recommendations, any party may file written

3  objections with the court and serve a copy on all parties. Such a document should be captioned

4  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections

5  shall be served on all parties and filed with the court within seven (7) days after service of the

6  objections. Failure to file objections within the specified time may waive the right to appeal the

7  District court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951

8  F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: June 16, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, brow25cv0607.hrg.fr

18