1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TAHTIANA JADE BROWN,                    No.  2:25-cv-0607-DC-CKD (PS)

12          Plaintiff,

13      v.                                   ORDER ADOPTING FINDINGS AND
                                             RECOMMENDATIONS AND DISMISSING
14   LUCIDWORKS, et al.,                     COMPLAINT WITH LEAVE TO AMEND AS
                                             TO CERTAIN CLAIMS
15          Defendants.
                                             (ECF Nos. 10, 14, 19, 24, 28, 36, 56, 59, 61, 63,
16                                           64, 65, 67)

17

18          This matter was referred to a United States Magistrate Judge pursuant to Local Rule

19   302(c)(21). On June 17, 2025, the magistrate judge issued findings and recommendations

20   recommending, inter alia, plaintiff's Title VII retaliation claim brought against her employer and

21   her California Fair Employment and Housing Act ("FEHA") discrimination claim brought against

22   her supervisor be dismissed with leave to amend, but all other claims brought be dismissed

23   without leave to amend. (ECF No. 59.) The findings and recommendations contained notice that

24   any objections to the findings and recommendations were to be filed within fourteen days. (*Id.*)

25   Plaintiff filed objections to the findings and recommendations styled as a motion of objection and

26   defendants filed a reply. (ECF Nos. 61, 66.)

27          In her objections, plaintiff asserts that the private individuals and entities (Defendants Dan

28   Moon and Preferred Employers Insurance) acted jointly with the state agency Workers'

Compensation Appeals Board ("WCAB"), so her due process claims should not be dismissed on the ground that those defendants are not alleged to be state actors. (ECF No. 61 at 2.) However, neither plaintiff's original complaint nor her proposed first amended complaint include this allegation or any other allegations specifying joint conduct or any agency relationship that would support an inference that these private defendants engaged in governmental action. Moreover, the gravamen of plaintiff's allegations in the proposed first amended complaint as to defendant WCAB is that it continued exercising authority over plaintiff's workers' compensation case even after "the case had been lawfully removed to federal court." (ECF No. 57 at 10). But that allegation does not support any inference of an agency relationship with the private defendants. Further, as the magistrate judge correctly explained in the findings and recommendations, contrary to plaintiff's allegation, plaintiff's case was not removable because workers' compensation cases are not removable to federal court. Thus, plaintiff's objections with regard to her due process claim are not well taken.

Plaintiff also contends that she sufficiently alleged her civil Racketeer Influenced and Corrupt Organizations Act claim, but the magistrate judge correctly found plaintiff's allegations—that her injury was misclassified, she was denied disability benefits, and defendants tried to coerce her into signing a promissory note—do not plausibly suggest an enterprise's pattern of racketeering conduct as is required for this claim.

As for plaintiff's retaliation and discrimination claims under Title VII and FEHA, plaintiff implicitly acknowledges that she did not allege exhaustion of administrative remedies in her complaint or proposed first amended complaint, as is required. Notably, in her objections, plaintiff states that she "has attached DFEH documentation demonstrating administrative exhaustion." (ECF No. 61 at 2.) However, there is no such attachment included. Thus, Plaintiff's objections in this regard do not serve as a basis to reject the recommendation that her retaliation and discrimination claims be dismissed, with leave to amend. To the extent plaintiff has exhausted her administrative remedies, she should include those allegations in her authorized first amended complaint and attach the DFEH documentation she references to that first amended complaint.

2

1    Finally, the court notes that plaintiff primarily objects to the findings and

2 recommendations on the ground that she does not consent to magistrate judge jurisdiction. (ECF

3 No. 61.) Indeed, plaintiff has filed several motions in this case advancing the same objection.

4 (ECF Nos. 61, 64, 65, 67.) Pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b), assigned

5 magistrate judges perform certain duties "in all actions in which all the plaintiffs or defendants

6 are proceeding *in propria persona*." L.R. 302(c)(21). Those duties include the issuance of

7 findings and recommendations, to which the parties have an opportunity to file objections for

8 consideration by the assigned district judge. L.R. 304. Specifically, as provided by 28 U.S.C.

9 § 636(b)(1)(C),

10    any party may serve and file written objections to such proposed
   findings and recommendations as provided by rules of court. A judge
11    of the court shall make a de novo determination of those portions of
   the report or specified proposed findings or recommendations to
12    which objection is made. A judge of the court may accept, reject, or
   modify, in whole or in part, the findings or recommendations made
13    by the magistrate judge. The judge may also receive further evidence
   or recommit the matter to the magistrate judge with instructions.
14

15 In contrast, where a party has consented to magistrate judge jurisdiction, the assigned magistrate

16 judge directly conducts "any and all proceedings" in the civil action—that is, the magistrate judge

17 does not issue findings and recommendations for a district judge to review and make an ultimate

18 determination. For this reason, Plaintiff's objection that she did not consent to magistrate judge

19 jurisdiction is irrelevant and does not provide a basis upon which to reject the pending findings

20 and recommendations. Plaintiff's motions advancing this same objection will also be denied.

21    In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

22 court has conducted a review of this case. Having carefully reviewed this matter, the court finds

23 the findings and recommendations to be supported by the record and by proper analysis.

24    Accordingly, IT IS HEREBY ORDERED as follows:

25    1.  The findings and recommendations filed June 17, 2025 (ECF No. 59), are adopted in

26        full.

27    2.  Plaintiff's motion for default judgment (ECF No. 36) is DENIED.

28    3.  Plaintiff's motions for contempt (ECF Nos. 10, 14) are DENIED.

4. Plaintiff's motion for leave to amend (ECF No. 56) is DENIED to the extent plaintiff seeks to proceed on the proposed amended complaint filed on June 9, 2025 (ECF No. 57).

5. The Clerk of the Court is directed to STRIKE the unauthorized first amended complaint filed on June 9, 2025 (ECF No. 57).

6. The Lucidworks defendants' motion to dismiss (ECF No. 19) is GRANTED on the ground that the complaint fails to state a claim and plaintiff is granted leave to amend only the employment discrimination claims against defendant Lucidworks and any FEHA harassment claim against defendant Pascuzzi.

7. Defendant Workers Compensation Appeals Board's motion to dismiss (ECF No. 28) is GRANTED on the ground that the complaint fails to state a claim and WCAB is dismissed from this case.

8. Sua sponte, the court also DISMISSES without leave to amend for failure to state a claim plaintiff's claims against all defendants for Violation of Health Insurance Portability and Accountability Act and Federal Rule of Civil Procedure 26; State-Law Violation of Privacy; Invasion of Privacy; Negligence; Intentional Infliction of Emotional Distress; Violation of Procedural Due Process; Extortion; and Racketeering.

9. Plaintiff is granted leave to file an amended complaint, limited to her employment discrimination claims as outlined above, within 30 days of the date of entry of this order.

10. Service is QUASHED and the Clerk of the Court is directed to re-issue summonses after the filing of an amended complaint pursuant to this order.

11. Time for service of process of the amended complaint under Rule 4 of the Federal Rules of Civil Procedure is extended to 30 days after plaintiff files the amended complaint.

12. Plaintiff's motion to cure service (ECF No. 24) is GRANTED in part, to the extent that plaintiff may effectuate service of process of an amended complaint as set forth

4

above.

13. The motion to dismiss filed by defendants Berkeley Technology, Dan Moon, Preferred Employers Insurance on July 1, 2025 (ECF No. 63) is DENIED as having been rendered moot by this order.

14. Plaintiff's motions (ECF Nos. 61, 64, 65, 67) are DENIED because the assigned magistrate judge is performing duties properly referred pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1)(C), and the hearing set on those motions for August 15, 2025 is VACATED.


IT IS SO ORDERED.

Dated:    **July 28, 2025**

Dena Coggins
United States District Judge