1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TAHTIANA JADE BROWN,                    No.  2:25-cv-0607-DC-CKD (PS)

12              Plaintiff,

13         v.                                FINDINGS AND RECOMMENDATIONS

14   LUCIDWORKS, et al.,

15              Defendants.

16

17        Plaintiff Tahtiana Brown filed this case without counsel and this matter is before the

18   undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302(c)(21). Defendants

19   Lucidworks, Inc., Hammett, Pascuzzi, Kirby, and Sinoway have filed a motion to dismiss under

20   Federal Rule of Civil Procedure 41(b). (ECF No. 78.) This motion is appropriate for decision

21   without oral argument under Local Rule 230(g). For the reasons set forth below, the motion

22   should be granted.

23                                **BACKGROUND**

24        Plaintiff initiated this action with a complaint filed on February 21, 2025, asserting seven

25   causes of action against multiple defendants. (ECF No. 1.) The defendants moved to dismiss

26   plaintiff's claims and the district judge assigned to this case dismissed the complaint on July 29,

27   2025. (ECF No. 77.) Plaintiff was granted leave to file an amended complaint asserting only her

28   employment discrimination claims against defendant Lucidworks and any harassment claim

                                         1

1    under the Fair Employment and Housing Act ("FEHA") against defendant Pascuzzi. (Id. at 4.)

2    Plaintiff was ordered to file the amended complaint within 30 days. (Id.) The time granted for that

3    purpose expired and plaintiff did not file an amended complaint.

4        The moving defendants filed their motion to dismiss under Federal Rule of Civil

5    Procedure 41(b) on September 15, 2025. (ECF No. 78.) By order dated October 7, 2025, the

6    undersigned noted plaintiff had not timely filed an opposition to the motion to dismiss in

7    violation of Local Rule 230(c) and provided plaintiff with another 14 days to do so. (ECF No.

8    79.) Plaintiff was specifically cautioned that failure to respond would be construed as non-

9    opposition to the granting of the motion. (Id. at 2.) The additional time allowed for plaintiff to

10   oppose the Rule 41(b) motion to dismiss has expired. Plaintiff has not opposed the motion to

11   dismiss or otherwise filed any response to the motion or the court's order.

**LEGAL STANDARD**

13       A "plaintiff is charged with the exercise of 'reasonable diligence' in prosecuting the

14   action." Moore v. Telfon Commc'ns Corp., 589 F.2d 959, 967 (9th Cir. 1978) (quoting Anderson

15   v. Air W., Inc., 542 F.2d 522, 524 (9th Cir. 1976)). Under Federal Rule of Civil Procedure 41(b),

16   "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may

17   move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b); Link v. Wabash R. Co.,

18   370 U.S. 626, 629-30 (1962) (noting that district court's authority to dismiss with prejudice for

19   lack of prosecution with or without a motion is necessary to prevent undue delays in the

20   disposition of pending cases and avoid congestion in district court calendars).

21       When considering dismissal for failure to prosecute under Rule 41(b), this court considers

22   five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

23   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

24   disposition of cases on their merits; and (5) the availability of less drastic alternatives. In re Eisen,

25   31 F.3d 1447, 1451 (9th Cir. 1994). Not all factors must cut in favor of dismissal in order for a

26   case to be dismissed for lack of prosecution. See Yourish v. Cal. Amplifier, 191 F.3d 983, 990

27   (9th Cir. 1999) ("We may affirm a dismissal where at least four factors support dismissal, ... or

28   where at least three factors strongly support dismissal." (internal quotation marks omitted)).

1    Generally, "[a] dismissal for lack of prosecution must be supported by a showing of unreasonable

2    delay." <u>Henderson v. Duncan</u>, 779 F.2d 1421, 1423 (9th Cir. 1986).

3    **DISCUSSION**

4    Defendants argue the factors pertinent to the Rule 41(b) inquiry warrant dismissal of this

5    case with prejudice for failure to prosecute. The undersigned agrees.

6    **Public's Interest in Expeditious Resolution of Litigation**

7    The public's interest in expeditious resolution of litigation usually weighs in favor of

8    dismissal. <u>Pagtalunan v. Galaza</u>, 291 F.3d 639, 642 (9th Cir. 2002) ("The public's interest in

9    expeditious resolution of litigation always favors dismissal." (quoting <u>Yourish</u>, 191 F.3d at 990)).

10    The general rule applies here, and this factor favors dismissal.

11    **Court's Need to Manage its Docket**

12    The court's need to manage its docket likewise supports dismissal. Allowing plaintiff's

13    case to remain pending without plaintiff's participation adversely affects the court's management

14    of its docket. <u>See</u> <u>Edwards v. Marin Park, Inc.</u>, 356 F.3d 1058, 1065 (9th Cir. 2004) ("resources

15    [may] continue to be consumed by a case sitting idly on the court's docket").

16    **Risk of Prejudice to Defendants**

17    Prejudice is presumed where there is unreasonable delay, but that presumption can be

18    rebutted through evidence showing the reason for the delay was not frivolous. <u>In re Eisen</u>, 31 F.3d

19    at 1452-53; <u>see also</u> <u>Pagtalunan</u>, 291 F.3d at 642 (courts "relate[ ] the risk of prejudice to the

20    plaintiff's reason for defaulting") Where rebutted, the burden shifts to the defendant to show at

21    least some actual prejudice. <u>In re Eisen</u>, 31 F.3d at 1453. Here, the delay is unreasonable in light

22    of plaintiff's failure to comply with the court's orders and the Local Rules. The presumption of

23    prejudice applies and this factor favors dismissal.

24    **Public Policy Favoring Disposition on the Merits**

25    The public policy favoring disposition of cases on the merits ordinarily weighs against

26    dismissal. <u>See</u> <u>In re Phenylpropanolamine (PPA) Prod. Liab. Litig.</u>, 460 F.3d 1217, 1228 (9th Cir.

27    2006). Here, though, plaintiff has not stated a valid claim for relief against any defendant. Under

28    the circumstances, this factor does not weigh against dismissal.

3

**Availability of Less Drastic Alternatives**

A "district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson, 779 F.2d at 1424. Dismissal should not be entered unless the plaintiff has been notified that dismissal is imminent. See W. Coast Theater Corp. v. City of Portland, 897 F.2d 1519, 1523 (9th Cir. 1990).

As set forth above, the court has already warned plaintiff that her failure to oppose the defendants' Rule 41(b) motion to dismiss would be construed as non-opposition to the granting of the motion. This case cannot proceed without plaintiff's participation, and no less drastic alternative is suitable under the circumstances.

## RECOMMENDATION

For the reasons set forth above, IT IS RECOMMENDED that defendants' motion to dismiss (ECF No. 78) be granted and this case be dismissed with prejudice under Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  November 19, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 brow25cv0607.mtd.41b

4